IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 1:12-CR-37 |
| v. | ) | |
| | ) | The Honorable James C. Cacheris |
| AMINE MOHAMED EL-KHALIFI, | ) | |
| | ) | Sentencing: September 14, 2012 |
| Defendant. | ) | |

MOTION FOR ONE LEVEL REDUCTION PURSUANT TO U.S.S.G § 3E1.1(b)
AND POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING

The United States of America, through its attorneys, Neil H. MacBride, United States

Attorney, and Gordon D. Kromberg and Michael P. Ben'Ary, Assistant United States Attorneys,

in accord with 18 U.S.C. § 3553(a) and the United States Sentencing Commission, Guidelines

Manual, (Nov. 2011), files this Motion for One Level Reduction Pursuant to U.S.S.G.§ 3E1.1(b)

and Position of the United States With Respect to Sentencing in the instant case.   The

government moves for a one level reduction of the defendant's sentencing guidelines level

pursuant to U.S.S.G § 3E1.1(b) in recognition of the defendant's timely guilty plea.  The United

States has no objection to the guideline calculations contained in the Presentence Report.  The

defendant engaged in a plot to commit a suicide bombing inside the United States Capitol.  A

sentence of 30 years is reasonable and appropriately accounts for each of the factors set forth in

18 U.S.C. § 3553(a).  Accordingly, the government requests that this Court impose such a

sentence.

1

I.   **Argument**

As detailed in the Statement of Facts and Presentence Report, the defendant engaged in an evolving plot to detonate a bomb targeting United States military or government officials. The defendant enlisted two individuals to assist him with his plot, who, unknown to him, were undercover FBI agents.  The defendant's first plot was to remotely detonate a bomb at a building in Alexandria, which he believed to be occupied by U.S. military offices.  Within a week, the defendant decided that he would remotely detonate a bomb at a restaurant in Washington, D.C., which he believe was frequented by U.S. military officials.  The defendant surveilled this location, and planned to detonate the bomb at the restaurant's busiest time in order to ensure maximum casualties.  The FBI undercover agents identified themselves as al-Qaeda operatives, and told the defendant that al-Qaeda had planned an attack on a military installation in connection with his attack on the restaurant.  The defendant purchased materials for his attack, as well as the terrorist attack on the military base.

Just over one month later, the defendant changed his plan again.  This time, the defendant wanted to conduct a suicide bombing targeting the United States Capitol Building.  After conducing a test detonation of explosives at a quarry in West Virginia, the defendant expressed a desire to have a bigger bomb during the attack.  The defendant conducted surveillance on the Capitol Building and grounds on two occasions.  The defendant asked to be armed with a gun so that he could shoot any police officers who might try to stop him from entering the Capitol. Additionally, the defendant ensured that the bomb he would wear could be remotely detonated in the event that he could not detonate it himself.

Approximately one month after the defendant decided that he wanted to conduct a suicide

bombing on the Capitol, on February 17, 2012, the defendant armed himself with what he believed to be a functioning bomb and a MAC-10 automatic weapon. The defendant was arrested as he set off towards the Capitol to carry out his plot.

The threat posed to the United States and its citizens by those willing to carry out suicide bombings on United States soil cannot be overstated. The United States justice system has limited opportunities to address this threat, and the message sent by this Court's sentence, therefore, must be crystal clear; those who are willing to commit violent terrorist attacks on United States soil will be detected, apprehended, and sentenced to serve decades in prison.

### The Factors Set Forth in Title 18 Call For a Sentence of 30 years of Incarceration.

Section 3553 states that the court should consider the nature and circumstances of the offense and characteristics of the defendant. In addition, it states that the court must consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B). In addition, the sentence should protect the public from further crimes of the defendant and provide the defendant with needed correctional treatment. 18 U.S.C. § 3553(a)(2)(C) & (D). A sentence of 30 years reasonably and appropriately accounts for the factors set forth in 18 U.S.C. § 3553(a).

### 1. Nature and Circumstances of Offense

On February 17, 2012, officers of the United States Capitol Police went to work as usual on the grounds of the Capitol building. Congressional staffers and office workers went to work that day as well. On that day, tourists hailing from the United States and countries abroad went

to the Capitol building, one of the most recognizable symbols of the United States of America. Some of those individuals were parents, grandparents, husbands, wives, brothers and sisters. On February 17, 2012, the defendant sought out to detonate a suicide bomb that would kill those people. The defendant, on his own initiative, selected the target and date of the attack, and engaged in surveillance to ensure that his attack caused maximum casualties. It is true that this defendant did not get to the point of bringing a working destructive device to the United States Capitol. It is based on good investigative work by the FBI, however, that when the defendant decided to attempt to do so, the individuals upon whom he relied to provide the bomb and the gun were undercover agents. Had the defendant not found Hussein and Yusuf in the fall of 2011, there is every reason to believe that he would have taken any opportunity he encountered in the future to commit mass murder. Further, given the defendant's motivation to murder his neighbors, there is all too much reason to believe that, had he not tried to bomb the United States Capitol with Hussein and Yusuf, he eventually would have encountered such opportunities outside the presence of undercover FBI agents.

### 2.    Characteristics of the Defendant

The defendant came to the United States from Morocco in 1999. The defendant attended schools in the United States and earned a living working at businesses here. The defendant also committed crimes in the United States. The defendant was involved in the use of illegal substances, and has had multiple arrests for criminal offenses committed in the Washington, DC metropolitan area, and convictions in Washington, DC for two counts of assault. While the defendant has a minor criminal history, especially when viewed in light of the crime currently under consideration by the Court, the defendant is not a first-time offender. His characteristics,

therefore, do not weigh in favor of a sentence of less than 30 years.

      **2.**      **Deterrence**

A sentence of 30 years will send a strong message that those who commit these types of crimes will be sentenced to long periods of incarceration.  The impact of a successful terrorist attack against the United States on United States soil would be devastating.  As stated by the Ninth Circuit, such crimes, ""if carried to their intended conclusion, would have resulted in the deaths and injuries of hundreds of innocent people and instilled fear across the country and even the world.'  Many common criminals have been sentenced to much longer terms for offenses with much less serious consequences."  United States v. Ressam, 679 F.3d 1069, 1090 (9th Cir. 2012)(quoting district court)(holding that 22-year sentence for involvement in plot to bomb LAX was substantively unreasonable).

The sentence in this case must be a beacon to those would seek to commit such attacks that, when caught and prosecuted, they will be sentenced to decades in federal prison.  As recognized by the Fourth Circuit, "we cannot wait until there are victims of terrorist attacks to fully enforce the nation's criminal laws against terrorism." United States v. Abu Ali, 528 F.3d 210, 264 (4th Cir. 2008)(internal quotation omitted)(holding 30–year sentence to be substantively unreasonably low after conviction of conspiracy to inflict mass civilian casualties and assassination of high public officials in the United States.  Abu Ali was ultimately sentenced to life in prison).

      **3.**      **Sentencing Disparities**

A 30-year sentence is appropriate in light of other sentences imposed in similar cases. Tis case is the first to deal with a suicide bomb plot, and the first to deal with a target as

significant to our nation as the Capitol building. When viewed in light of the sentences in other terrorism cases, it is clear that a 30 year sentence is appropriate. The sentences given to Farooq Ahmed and Antonio Martinez, given the facts of their respective cases, are instructive.

On April 11, 2011, the Honorable Gerald Bruce Lee sentenced Farooq Ahmed to an agreed term of 23 years in prison (1:10-CR-413 (GBL)). Ahmed, in essence, conducted surveillance in support of an attack on Metrorail facilities. Like the defendant, Ahmed believed that he was dealing with terrorist operatives, when, in fact, he was dealing with law enforcement personnel. Unlike this defendant, however, Ahmed was not to be personally involved in the attack. Additionally, while Metrorail stations are regionally significant targets, they are far less nationally significant than the Capitol. Thus, a significantly greater sentence is appropriate for this defendant, whose plan was to be directly involved in a violent act directed at one of the nation's most significant landmarks.

In the case of Antonio Martinez, aka Muhammad Hussain, in the District of Maryland, an FBI informant introduced the Martinez to the idea of detonating a car bomb at a military recruiting center. Martinez was arrested after beginning to drive with what he believed to be a bomb to the target recruitment center. Martinez received a sentence of 300 months in prison (1:10-CR-798). Martinez, unlike the defendant, did not initiate the plans for the attack. Like the defendant, however, Martinez was to be personally involved in the attack, against a military target. While a military recruitment target is, in no way, an insignificant target, an attack on the Capitol would have a greater emotional impact on the nation. As the defendant here initiated plans for the attack and selected the Capitol as his target, a sentence greater than that given to Martinez is appropriate.

II.    <u>**Conclusion**</u>

The defendant attempted to conduct a suicide attack against the United States Capitol. The sentence imposed should reflect the grave danger that this defendant and others who are willing to commit such acts pose to the United States and her citizens.  For the reasons stated, the United States asks this Court to impose a sentence of 30 years of incarceration.

                    Respectfully Submitted,

                    Neil H. MacBride
                    United States Attorney

          By:    _____/s/_____
                    Michael P. Ben'Ary
                    Gordon D. Kromberg
                    United States Attorney's Office
                    2100 Jamieson Avenue
                    Alexandria, VA 22314
                    Phone: (703) 299-3700
                    Facsimile: (703) 837-8242
                    Michael.Ben'Ary2@usdoj.gov
                    Gordon.Kromberg@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 7th day of September 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Kenneth Troccoli, Esq.
Joshua Paulson, Esq.
Counsel for Amine Mohamad El-Khalifi

I hereby certify that I will cause a copy to be delivered to:

Nina S. Blanchard
Senior U.S. Probation Officer
10500 Battleview Parkway, Suite 100
Manassas, VA 20109

_____/s/_____
Michael P. Ben'Ary
Attorney for the United States of America
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: (703) 299-3700
Facsimile: (703) 837-8242
Michael.Ben'Ary2@usdoj.gov

8