IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.       )<br>)<br>AMINE MOHAMED EL-KHALIFI,   )<br>)<br>Defendant       ) | Criminal No. 1:12-CR-37<br>Hon. James C. Cacheris<br>Sentencing Date: Sept. 14, 2012 |

## DEFENDANT'S SUPPLEMENTAL POSITION WITH REGARD TO SENTENCING FACTORS

In its Supplement to its Position on Sentencing filed September 12, 2012, the government asks the Court to consider some additional information at Mr. El-Khalifi's sentencing. Mr. El-Khalifi has no objection to this request,[1] but for the following reasons believes that the additional information should be given little, if any, weight.

First, at its broadest level, and assuming its truth, the information indicates that, prior to meeting the two undercover agents, Mr. El-Khalifi had an interest in engaging in some sort of "jihad" overseas on behalf of the Muslim cause. This is consistent with what he told "Hussien" in the fall of 2011. *See* Def. Position on Sentencing at 9, 11 (stating that Mr. El-Khalifi's initial desire, before meeting the agents, was merely to receive training so that he could fight overseas.) There is no evidence that Mr. El-Khalifi *actually met* anyone who could help him with that interest until the two undercover agents entered his life. And it was over the course of that relationship that Mr. El-Khalifi's

---

[1] The defense understands that the government does not seek to amend the PSR, but merely asks the Court to consider the proffered information.

interest morphed (for all the reasons stated in Defendant's Position on Sentencing) into the plot to bomb the Capitol.

Second, as for the July 2010 "post" and Mr. El-Khalifi's alleged response[2] supposedly made over two years ago to the Facebook page of a "terrorist facilitator," Govt. Supp. at 1, the government acknowledges that "the only evidence of the posts possessed by the government [is] the report made by the agent who recounted what was reported to him by a confidential informant." Id. at 1.  The government does not have a copy of the alleged posts or even confirmation (other than the word of the unnamed informant) that they actually occurred.  In sum, lacking sufficient indicia of reliability, the credibility of this information is questionable to say the least and should be given little, if any, weight.

Third, even if the posts did occur, there is absolutely no evidence that any actual contact occurred between this unnamed "facilitator" (assuming that he is in fact a "facilitator") and Mr. El-Khalifi.  It is apparent that the government has had Mr. El-Khalifi under observation since the summer of 2010 and can offer no evidence of any contact either with that "facilitator" or any actual terrorist group.  As for foreign travel, Mr. El-Khalifi has not left the United States since arriving here in June 1999.  Def. Position at 12.

---

[2] Since the confidential informant has never met or even spoken with Mr. El-Khalifi, it is not clear that it was even Mr. El-Khalifi who responded to the "post."

2

Finally, the other videos and photographs posted or liked by Mr. El-Khalifi on the confidential informant's Facebook page, *see* Govt. Supp. at 2-3, do no more than corroborate what Mr. El-Khalifi has already admitted: that following the incident at the club in 2007, he embarked on a self-taught study of the Koran and Islam, to include viewing inflammatory videos.  Def. Position at 8.  Over time, he came to believe that his religious beliefs required him to take concrete action.  The videos fanned those emotions because they purportedly included images of atrocities against Muslims overseas and exhortations to engage in "jihad."  As noted, only after meeting the two undercover agents, did Mr. El-Khalifi turn his attention from abroad to the United States.

        Respectfully submitted,

        AMINE EL-KHALIFI
        By Counsel

        _____/s/_____
        Kenneth P. Troccoli, Esq.
        Virginia Bar Number 27177
        Joshua Paulson, Esq.
        Virginia Bar Number 79703
        Attorneys for the Defendant
        Assistant Federal Public Defenders
        1650 King Street, Suite 500
        Alexandria, Virginia  22314
        (703) 600-0800 (T)
        (703) 600-0880 (F)
        Kenneth_Troccoli@fd.org (e-mail)
        Joshual_Paulson@fd.org (e-email)

                    Kristine A. Rembach, Esq.
                    Pro Bono Co-Counsel for the Defendant
                    Katten Muchin Rosenman LLP
                    2900 K Street N.W., Suite 200
                    Washington, D.C. 20007
                    (202) 625-3500 (T)
                    (202) 298-7570 (F)
                    Kristine.Rembach@kattenlaw.com (e-mail)

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2012, I will electronically file the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Gordon D. Kromberg, Esq.
    Michael P. Ben'Ary, Esq.
    Assistant United States Attorneys
    2100 Jamieson Avenue
    Alexandria, Virginia 22314
    (703) 299-3700
    Gordon.Kromberg@usdoj.gov
    Michael.Ben'Ary2@usdoj.gov

Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy copy of the foregoing pleading will be delivered to Chambers today. A courtesy copy also will be delivered by electronic mail to Nina Blanchard, Senior U.S. Probation Officer.

                    _____/s/_____
                    Kenneth P. Troccoli, Esq.
                    Virginia Bar Number 27177
                    Attorney for the Defendant
                    Assistant Federal Public Defender
                    1650 King Street, Suite 500
                    Alexandria, Virginia 22314
                    (703) 600-0780 (T)
                    (703) 600-0880 (F)
                    Kenneth_Troccoli@fd.org (e-mail)